| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-5182-JFW(AJRx)** | Date: September 6, 2024 |
| Title: | Jiandong Wang, et al. -v- CIAM S.p.A., et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING PLAINTIFFS JIANDONG WANG AND XIA LI'S MOTION TO REMAND TO STATE COURT [filed 7/31/2024; Docket No. 34]

     On July 31, 2024, Plaintiffs Jiadong Wang and Xia Li (collectively, "Plaintiffs") filed a Motion to Remand to State Court along with a Declaration of Paul R. Flaherty, counsel of record for Defendants AE Holding USA, LLC and Advanced Gourmet Equipment & Design, LLC in Support of Plaintiff's Motion to Remand. The Court construes Mr. Flaherty's Declaration as a Joinder by Defendants AE Holding USA, LLC and Advanced Gourmet Equipment & Design, LLC in Plaintiffs' Motion to Remand. On August 19, 2024, Defendant and Cross-Claimant CIAM S.p.A. filed its Opposition. On August 23, 2024, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 9, 2024 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

     On June 23, 2023, Plaintiffs filed a Complaint against Defendants CIAM S.p.A., AE Holdings USA LLC, and Advanced Gourmet Equipment & Design LLC in Los Angeles County Superior Court. On June 19, 2024, prior to the service of the Summons and Complaint on Defendants AE Holdings USA LLC and Advanced Gourmet Equipment & Design LLC, Defendant CIAM S.p.A. removed the action to this Court on the grounds of diversity jurisdiction. Defendants AE Holdings USA, LLC and Advanced Gourmet Equipment & Design LLC neither consented nor joined in the Notice of Removal. On July 17, 2024, Defendants AE Holdings USA, LLC and Advanced Gourmet Equipment & Design LLC filed a Waiver of the Service of Summons with the Court. Plaintiffs now, joined by Defendants AE Holding USA, LLC and Advanced Gourmet

Equipment & Design, LLC, move to remand this action on the grounds that Defendants Defendants AE Holding USA, LLC and Advanced Gourmet Equipment & Design, LLC did not consent to removal.

## II.   LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"*)*.

## III.   DISCUSSION

Under the rule of unanimity, "[a]ll defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1981)). *See also* 28 U.S.C. § 1446(b)(2)(A). "Failure to obtain consent of all served defendants prior to the expiration of the 30-day removal period renders the case subject to remand." *Tutor-Saliba Corp. v. Everest National Ins. Co.*, 2015 WL 13427744, at *1 (C.D. Cal. Apr. 13, 2015) (citing *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999)).

"[I]t is clear from 28 U.S.C. § 1448 that a later served defendant may exercise its right to choose the state court forum. 'This rule ... promotes unanimity among the defendants without placing undue hardships on subsequently served defendants.'" *Prickett v. Bonnier Corp.*, 2015 WL 1812798, at *2 (N.D. Cal. Apr. 20, 2015) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988)). Accordingly, "[p]ursuant to § 1448, a nonserved defendant . . . may force a remand to state court if [that defendant] choose[s] the state forum over the federal forum by making a timely motion to remand after such defendant has been served with the complaint." *Atl. Nat. Tr., LLC v. Mt. Hawley Ins. Co.*, 2009 WL 2365541, at *1 (D. Or. July 31, 2009).

In this case, Defendants AE Holdings USA, LLC and Advanced Gourmet Equipment & Design LLC have timely joined Plaintiff's motion to remand after filing a Waiver of the Service of Summons. *See* 28 U.S.C. §§ 1447(c); *Prickett*, 2015 WL 1812798, at *2. Accordingly, based on the lack of unanimity of the defendants, the Court concludes that remand is appropriate.[1]

---

[1] In Opposition, Defendant CIAM S.p.A. cites to an unpublished Ninth Circuit decision, *Baiul v. NBC Sports*, , 732 F. App'x 529, 530 (9th Cir. 2018), as amended (June 13, 2018). As an unpublished decision, it is not precedent. In any event, in that opinion, the Ninth Circuit addressed the district court's denial of a plaintiff's motion to remand, where the later-served defendant did not affirmatively indicate that it did not consent to removal and did not join or file a declaration in

      Although Defendant CIAM S.p.A. also argues that Defendants AE Holding USA, LLC and Advanced Gourmet Equipment & Design, LLC are fraudulently joined, the Court rejects that argument for the reasons stated in Plaintiffs' Reply.

**IV.    CONCLUSION**

      For the foregoing reasons, Plaintiffs' Motion to Remand to State Court, joined by Defendants AE Holding USA, LLC and Advanced Gourmet Equipment & Design, LLC, is **GRANTED** and this action is **REMANDED** to Los Angeles County Superior Court.

      IT IS SO ORDERED.

---

support of the plaintiff's motion to remand.